**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THE UNITED STATES OF AMERICA**
*ex rel.* **FOX UNLIMITED ENTERPRISES, LLP,**

                **Plaintiff/Relator,**

        v.                      **1:22-cv-355 (GLS/CFH)**

**HENSEL PHELPS CONSTRUCTION COMPANY et al.,**

                **Defendants.**
_____

### ORDER OF DISMISSAL BY REASON OF SETTLEMENT

The Court has been advised that this matter has reached a resolution through the filing of a notice of election and settlement agreement.[1] (Dkt. No. 7.) Accordingly, pursuant to N.D.N.Y. L.R. 68.1(a), it is hereby

**ORDERED** that:

    1. The above-captioned case is hereby dismissed and discontinued in its entirety, without costs, and without prejudice to the right of any party to reopen this action within thirty (30) days of the date of this Order if the settlement is not consummated.

    2. Any application to reopen this case must be filed within thirty (30) days of the date of this Order. An application to reopen filed after the expiration of that thirty day period, unless it is extended by the Court prior to its expiration, may be summarily denied

---

[1] A notice of election and settlement agreement was filed by the United States on May 6, 2022. (Dkt. No. 7.) The United States filed the settlement agreement between it, Hensel Phelps Construction Company, and relator, which required Hensel Phelps to make payments within a certain time period, after which the parties would file a joint stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1), and disposed of all claims. (*Id.*, Attach. 1.) The United States asserted that "[a] proposed order accompanie[d] th[e] notice," (Dkt. No. 7), but no such proposed order was attached nor have the parties filed a stipulation of dismissal as contemplated by the settlement agreement or ordered by the court. (Dkt. No. 7, Attach. 1 ¶ 14, Dkt. Nos. 11, 12.)

solely on the basis of untimeliness.

3. If the parties wish for the court to retain ancillary jurisdiction for the purpose enforcing any settlement agreement, they must submit a request that the Court retain jurisdiction over enforcement of the agreement or submit the agreement to the Court or incorporation of its terms into an Order retaining jurisdiction within the above-reference thirty (30) day period for reopening the matter.

4. The dismissal of the above-captioned action shall become with prejudice on the thirty-first day following the date of this Order, unless any party moves to reopen this case within thirty (30) days of the date of this Order upon a showing that the settlement was not consummated, or the Court extends the thirty (30) day period prior to its expiration.

5. The parties are directed to file a stipulation of discontinuance within thirty (30) days of this order in full compliance with Local Rule 41.3.

6. The Clerk of the Court is respectfully directed to close this case and forward a copy of this Order to the parties pursuant to the Court's Local Rules.

**IT IS SO ORDERED.**

May 19, 2023
Albany, New York

Gary L. Sharpe
U.S. District Judge